IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 13-00303 SOM |
| | ) | |
| Plaintiff, | ) | ORDER DENYING DEFENDANT'S |
| | ) | MOTION FOR RECONSIDERATION OF |
| | ) | THE DENIAL OF HIS REQUEST FOR |
| | ) | COMPASSIONATE RELEASE |
| vs. | ) | |
| | ) | |
| JAMES KIM, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION
OF THE DENIAL OF HIS REQUEST FOR COMPASSIONATE RELEASE**

**I.      INTRODUCTION.**

On November 18, 2022, this court denied Defendant James Kim's third motion for compassionate release.  *See* ECF No. 134. Part of the basis for that motion was a claim that Kim was not receiving timely treatment for his prostate cancer.  On December 1, 2022, less than two weeks later, Kim sought reconsideration of that order.  The sole basis of the reconsideration motion was that the Bureau of Prisons ("BOP") failed to take Kim to a urology appointment on November 18, 2022.  *See* ECF No. 135.

After considering the expedited briefs, as well as arguments of counsel and statements by Kim at the hearing on this matter, the court denies the reconsideration motion.

**II.        RECONSIDERATION STANDARD.**

Although the Federal Rules of Criminal Procedure do not expressly authorize the filing of motions for reconsideration, circuit courts, including the Ninth Circuit, have held that motions for reconsideration may be filed in criminal cases.  *See United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003) ("As noted by the Second and Ninth Circuits, motions for reconsideration may be filed in criminal cases"); *United States v. Martin*, 226 F.3d 1042, 1047 n.7 (9th Cir. 2000) ("As the Second Circuit noted . . . , post-judgment motions for reconsideration may be filed in criminal cases"); *United States v. Amezcua*, 2015 WL 5165235, at *1 (E.D. Cal. Sept. 2, 2015) ("The Ninth Circuit allows parties to file motions for reconsideration in criminal cases, although the Federal Rules of Civil Procedure do not explicitly provide for such motions."), *aff'd*, 670 F. App'x 454 (9th Cir. 2016).  In ruling on motions for reconsideration in criminal cases, courts have relied on the standards governing Rule 59(e) and Rule 60(b) of the Federal Rules of Civil Procedure.  *See United States v. Sullivan*, 2019 WL 8301179, at *1 (D. Haw. Dec. 2, 2019) (noting that courts adjudicating motions for reconsideration in criminal cases have relied on the standards set forth in Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure); *Amezcua*, 2015 WL 5165235, at *1.

A Rule 59(e) motion must be filed within 28 days of the final order or judgment in issue and may only be granted when "1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; 2) the moving party presents newly discovered or previously unavailable evidence, 3) the motion is necessary to prevent manifest injustice, or 4) there is an intervening change in controlling law." *Hiken v. Dep't of Def.*, 836 F.3d 1037, 1042 (9th Cir. 2016) (quotation marks and citations omitted). Rule 59(e) motions based on new evidence may not be based on "matters already available or known to the party submitting them as new evidence." 3 Moore's Manual–Fed. Practice & Procedure § 24.82 (Lexis Advance 2020).

Rule 60(b) of the Federal Rules of Civil Procedure permits relief from final judgments, orders, or proceedings. Such a motion may be granted on any one of six grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

>    (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Under Local Rule 60.1 (made applicable by Local Criminal Rule 12.3), "Motions for reconsideration of interlocutory orders may be brought only upon the following grounds: (a) Discovery of new material facts not previously available; (b) Intervening change in law; and/or (c) Manifest error of law or fact." While Kim seeks reconsideration of an order that is not interlocutory, there is no reason to apply different requirements here.

**III.    ANALYSIS.**

Kim's reconsideration motion relies on new evidence not previously available. That is, he says that the BOP failed to take him to a urology appointment on November 18, 2022, demonstrating that the BOP is "stonewalling" with respect to his treatment. *See* ECF No. 135, PageID # 1483. The Government explains that the BOP was not at fault with respect to the failure to take Kim to the November 18, 2022, urology appointment. Instead, it says the urologist's office cancelled the appointment on November 17, 2022, and rescheduled it for December 15, 2022. *See* ECF No. 137, PageID # 1513. Kim says he should have been told about the cancellation. *See* ECF No. 138.

On December 15, 2022, this court held a hearing on the motion for reconsideration. After being told that he was going

4

to be transferred to FMC Butner for cancer treatment, Kim expressed a preference to remain at FCI Lompoc, stating that he was concerned about receiving credit for rehabilitation efforts and the possible lengthy return trip to FCI Lompoc after he completes his treatment.  At the hearing, the court asked the Government to submit a supplemental brief answering a number of questions.  *See* ECF No. 140.

On December 19, 2022, the Government submitted that supplemental brief.  *See* ECF No. 141.  It indicated that Kim was being transferred to FMC Butner notwithstanding his preference to stay at FCI Lompoc.  There, Kim will likely be treated by a combination of BOP and outside physicians and will be able to participate in education courses.  The Government conceded that it did not know at this time where Kim might be transferred to after he completed his treatment or how he would be moved.  It noted that, at the rescheduled December urologist appointment, Kim asked to put off his procedure until this court decided his reconsideration motion, as Kim preferred to receive treatment from a private facility if released.  *See* ECF Nos. 141 and 141-1.

As this court noted in its order denying Kim's third compassionate release motion, the BOP's delay in treating Kim's prostate cancer does not justify his early release.  *See* ECF No. 134, PageID # 1480.  The events that have occurred after this court issued that order similarly do not justify Kim's early

5

release. While a urology appointment was cancelled by the treating physician's office, it was rescheduled. At that rescheduled appointment, Kim asked to delay his treatment. Moreover, despite Kim's preference to remain at FCI Lompoc, where he has experienced delays in his treatment, he is being transferred to a medical center, FMC Butner, where he will receive prostate cancer treatment from in-house and outside physicians. Under these circumstances, this court cannot conclude that the BOP is failing to treat Kim's prostate cancer such that he should be compassionately released at this time. The court therefore denies his reconsideration motion.

### III.     CONCLUSION.

Kim's motion seeking reconsideration of the denial of his third request for compassionate release is denied.

It is so ordered.

DATED: Honolulu, Hawaii, December 20, 2022.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*United States v. Kim*, Cr. No. 13-303 SOM; ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OF THE DENIAL OF HIS REQUEST FOR COMPASSIONATE RELEASE