```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF HAWAII

UNITED STATES OF AMERICA,    )   CR. NO. 13-00303 SOM
                             )
          Plaintiff,         )   ORDER DENYING MOTION
                             )   TO REDUCE SENTENCE,
     vs.                     )   GIVEN DEFENDANT'S
                             )   RELEASE FROM CUSTODY
JAMES KIM,                   )
                             )
          Defendant.         )
                             )
```

**ORDER DENYING MOTION TO REDUCE SENTENCE,
GIVEN DEFENDANT'S RELEASE FROM CUSTODY**

I.      INTRODUCTION.

Before the court is Defendant James Kim's motion to reduce his sentence based on sentencing guideline amendments.[1] ECF No. 152. Kim does not establish that a reduction in his sentence is warranted, given his release from custody. The

---

[1] Kim has filed numerous 18 U.S.C. § 3582(c)(1)(A) motions for compassionate release. *See United States v. Kim*, Nos. 13-00303 SOM, 03-00596 SOM, 2023 WL 6216909, slip op. at *1-2 (D. Haw. Sept. 25, 2023) (detailing Kim's four compassionate release motions and this court's denials of each). In the instant motion, Kim cites a nonexistent subsection of the statute. The court construes his filing as a § 3582(c)(2) motion for reduction in sentence because he styled it as such. *See* ECF No. 152, PageID # 1657 ("This Motion is being field [sic] Pursuant to the New Change in the USSG, . . . A Reduction is warranted[.]") (emphasis omitted). The outcome of this motion would be no different if the court had interpreted his filing as a § 3582(c)(1)(A) motion for compassionate release and had ruled on it prior to his release on November 18, 2023. As the court explained in orders denying his past motions, the § 3553(a) factors did not weigh in favor of early release. *See, e.g.*, *United States v. Kim*, No. 13-303 SOM, 2020 WL 3213312, slip op. at *3 (D. Haw. June 15, 2020). Here, Kim also detailed *no* circumstances—let alone extraordinary or compelling ones—that would have justified early release.

1

court notes that the court's usual practice with motions based on guideline amendments is to notify the Federal Public Defender.  However, that practice was not followed here in light of clear law stating that the statute on which the movant relies is inapplicable to his circumstances.  His motion is therefore denied.

**II.      BACKGROUND.**

In 2006, Kim pled guilty to a violation of Title 21 of the United States Code.  Criminal No. 03-00596, ECF No. 42.  He was sentenced to 63 months of imprisonment and 4 years of supervised release.  Criminal No. 03-00596, ECF No. 42.

In 2013, while on supervised release for Criminal No. 03-00596, Kim pled guilty to further violations of Title 21 and was sentenced to 180 months of imprisonment and 5 years of supervision in the instant case, Criminal No. 13-00303.  ECF No. 48.[2]  This conviction also resulted in the revocation of his supervised release in Criminal No. 03-00596, and the imposition of an additional 14 months of imprisonment for violating the terms of his supervision to be served concurrently with his sentence in Criminal No. 13-00303.  *See* Criminal No. 03-00596, ECF No. 55.  It appears that Kim completed his sentence in Criminal No. 03-00596 in 2015.

---

[2]  Throughout, all record citations refer to Criminal No. 13-00303 unless otherwise noted.

That same year, the court reduced Kim's sentence of imprisonment in Criminal No. 13-00303 to 168 months (14 years) pursuant to 18 U.S.C. § 3582(c)(2), given the retroactive reduction in his guideline sentencing range. ECF No. 52. He was released from custody on November 17, 2023. *See* https://www.bop.gov/inmateloc/ (input Register No. 26850-112) (last visited Nov. 20, 2023).

Kim's motion to reduce his sentence is premised on the amendments to the Sentencing Commission's Guidelines ("USSG"), which took effect on November 1, 2023. *See* ECF No. 152. He asks that the court apply "any change" to his sentence consistent with the application of the amendments to his term of supervised released. ECF No. 152, PageID # 1657.

**III.     ANALYSIS.**

"'A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment' and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (quoting 18 U.S.C. § 3582(b)). However, 18 U.S.C. § 3582(c)(2) establishes an exception "'in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)' and made retroactive pursuant to § 994(u)." *Dillion*, 560 U.S. at 824 (quoting § 3582(c)). In

3

such cases, a court may "reduce the term of imprisonment" after considering the factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable," if "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(2); *accord Dillion*, 560 U.S. at 824-25; *United States v. Lightfoot*, 626 F.3d 1092, 1096 (9th Cir. 2010).

### A. Kim is Not Eligible for § 3582(c)(2) Relief.

As a threshold matter, Kim is not eligible for § 3582(c)(2) relief. Section 3582(c)(2) provides for a reduction in the "term of imprisonment"—not in the term of supervised release. *See United States v. Island*, 336 Fed. App'x 759, 760-61 (9th Cir. 2009) ("By its plain language, § 3582(c)(2) does not provide for a reduction in the supervised release portion of the sentence."); *United States v. Khio*, No. 1:18-cr-00219-DAD-BAM-1, 2022 WL 3141857, at *1 (E.D. Cal. Aug. 5, 2022) (applying *Island*'s reasoning and stating that § 3582(c)(2) is not available "as a matter of law" to a defendant serving a term of supervision); *United States v. Chapple*, No. 1:08-cr-00146-DAD, 2020 WL 5658335, slip op. at *1 (E.D. Cal. Sept. 23, 2020) (same). Here, Kim has already completed his term of imprisonment and asks for a reduction of his term of supervision. Section 3582(c)(2) does not provide that relief.

Additionally, "a defendant whose sentence is controlled by a statutory mandatory minimum is not eligible for a sentence reduction under § 3582(c)(2)." See Island, 336 Fed. App'x at 761 (quoting United States v. Paulk, 569 F.3d 1094, 1096 (9th Cir. 2009)).  Kim pled guilty to violations of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846.  ECF Nos. 36, 48. These convictions carry a statutory mandatory minimum term of 5 years of supervised release.  21 U.S.C. § 841(b).  Kim was sentenced to this mandatory minimum term of supervision, in addition to his term of imprisonment.  See ECF No. 48.

In recognition of the lack of published Ninth Circuit precedent on these threshold issues, the court proceeds to analyze the § 3582(c)(2) considerations as if Kim were eligible.

### B. The Amendments to USSG § 4A1.1 Do Not Reduce Kim's Sentence.

The first consideration under § 3582(c)(2) is whether the defendant was sentenced to a term of imprisonment pursuant to a sentencing range which has been subsequently lowered by the Sentencing Commission.  The defendant bears the initial burden of demonstrating that the "retroactive sentencing guideline amendment" is "applicable to the challenged sentence." United States v. Sprague, 135 F.3d 1301, 1306-07 (9th Cir. 1998); United States v. Quiroz, No. 1:99-cr-05060-ADA-1, 2023 WL 6164400, slip op. at *4 (E.D. Cal. Sept. 20, 2023).

Under the earlier version of USSG § 4A1.1(d), 2

"status points" were added to a defendant's criminal history point calculation if the defendant committed the offense "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." Kim received these 2 status points because he was on supervised release in Criminal No. 03-00596 when he committed the offense giving rise to his conviction in the instant case. ECF No. 46, PageID # 118. These 2 status points brought his criminal history point total to 6, which put him in criminal history category III. ECF No. 46, PageID # 118.

In the recent amendments, the Sentencing Commission moved the status points provision from § 4A1.1(d) to § 4A1.1(e). Section 4A1.1(e) only applies to defendants with 7 or more criminal history points accumulated from § 4A1.1(a) through § 4A1.1(d). Kim had 4 criminal history points from § 4A1.1(a) through § 4A1.1(d), so § 4A1.1(e) would not apply to him under the amended guidelines. As a result, he would not have received the status point bump, leaving him with a total of 4 criminal history points.

However, a reduction from 6 criminal history points to 4 does not result in a change of the recommended sentence because 4, 5, or 6 criminal history points places a defendant in criminal history category III. Therefore, applying the revised guidelines does not result in a reduction of Kim's guideline

6

range. Kim does not establish the first consideration under § 3582(c)(2).

Even if Kim were eligible for § 3582(c)(2) relief and had established that the revised guidelines would result in a reduction of his term of supervised relief, Kim still would not prevail because the § 3553(a) factors do not weigh in favor of reducing his sentence, as the court has explained in relation to his previous motions for compassionate release. *See, e.g.*, *United States v. Kim*, No. 13-303 SOM, 2020 WL 3213312, slip op. at *3 (D. Haw. June 15, 2020).

**IV.     CONCLUSION.**

Kim's motion for a reduction in sentence is DENIED.

It is so ordered.

DATED: Honolulu, Hawaii, November 20, 2023.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*United States v. Kim*, Cr. No. 13-00303 SOM; ORDER DENYING MOTION TO REDUCE, GIVEN DEFENDANT'S RELEASE FROM CUSTODY.